UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

FILED
2007 APR 26 A 10: 53
CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| **Project Honey Pot**, a dba of Unspam Technologies, Inc. | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:07cv419 |
| **John Does** Injuring PHP and its Members By Harvesting Email Addresses, Transmitting Spam, And Posting Comment Spam, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

### MEMORANDUM IN SUPPORT OF PROJECT HONEY POT'S MOTION FOR LIMITED AUTHORITY TO CONDUCT DISCOVERY NECESSARY TO IDENTIFY AND SERVE DEFENDANT

By this motion, Plaintiff Project Honey Pot, a dba of Unspam Technologies, Inc. respectfully requests an order authorizing it to conduct limited discovery necessary to identify and serve Defendant John Does.

### FACTUAL BACKGROUND

Between January 2005 and April 2007, John Doe spammers transmitted over 6.1 million spam messages to tens of thousands of unique email addresses belonging to PHP members that have donated an MX record to, and are receiving anti-spam protection from, Project Honey Pot. All of these email addresses were illegally harvested by the spammer (or one of his co-conspirators) from a website hosting a PHP honey pot, or were the subject of dictionary spam attacks that indiscriminately targeted random usernames hosted within Internet domain

names that have donated an MX record to, and are receiving anti-spam protection from, Project Honey Pot. The spam contained false or misleading transmission information, did not contain a functioning return electronic mail address or other Internet-based mechanism, clearly and conspicuously displayed, that a recipient could use to submit, in a manner specified in the message, a reply electronic mail message or other form of Internet-based communication requesting not to receive future commercial electronic mail messages from that sender at the electronic mail address where the message was received, and failed to provide: (i) clear and conspicuous identification that the message was an advertisement or solicitation; (ii) clear and conspicuous notice that the recipient could decline to receive further commercial electronic mail messages from the sender; and (iii) a valid physical postal address of the sender and thereby violated the Federal CAN-SPAM Act. Furthermore Defendants used a computer or computer network with the intent to falsify or forge electronic mail transmission information or other routing information in any manner in connection with the transmission of bulk electronic mail through or into the computer network of an electronic mail service provider or its subscribers and transmitted the spam in contravention of the authority granted by or in violation of the policies set by Plaintiff. Defendants had knowledge of the authority or policies of those email service providers, or the authority or policies were available on Project Honey Pot's website thereby violating the Virginia's Anti-Spam Statute.

Project Honey Pot has collected a large volume of publicly available information that is relevant to the identity of the John Does responsible for this conduct. Project Honey Pot's investigation to date has identified a number of third parties that are likely to have non-public information that could be used to identify the responsible person. Many of these third parties have agreed to retain this information and to produce it, but only upon receipt of a subpoena.

Project Honey Pot has good reason to believe that it will be able to identify, name and serve John Doe Defendants if granted the power to conduct formal discovery for 120 days.

## LEGAL ARGUMENT

Under Rule 26(d), discovery may not normally begin "before the parties have conferred as required by Rule 26(f)." Because Defendant in this case is unknown to Plaintiff, the conference contemplated by Rule 26(f) cannot occur. This limitation on the initiation of discovery, however, can be waived under Rule 26(d) by Court order.

Courts recognize that, in certain situations, the identity of Defendant may not be known prior to the filing of a complaint. In such circumstances, courts authorize a plaintiff to undertake discovery to identify the unknown defendant. In <u>Gordon v. Leeke</u>, 574 F.2d 1147, 1152 (4th Cir. 1978), the Fourth Circuit explained that, if a plaintiff states a meritorious claim against an unknown defendant, the Court should allow plaintiff to ascertain the identity of the unknown defendant through discovery.

**WHEREFORE**, for the foregoing reasons and any additional reasons that may be provided at the hearing on this motion, Project Honey Pot respectfully requests permission under Rule 26(d) to conduct such discovery as may be necessary to identify and serve Defendant John Does. An appropriate order is attached for the Court's signature.

Dated: April 26, 2007

Respectfully submitted,

*/s/ Jon Praed*

INTERNET LAW GROUP

Jon L. Praed (VSB #40678)
4121 Wilson Boulevard, Suite 101
Arlington, Virginia  22203
(703) 243-8100

*Attorney for Plaintiff
Project Honey Pot*